In re Massoud VASSELI, Susan A. Vasseli.

Massoud VASSELI, Susan A. Vasseli, Appellants,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION, Appellee.

No. 92–15161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1993.

Decided Aug. 31, 1993.

Gerald Glazer and Sandra Parker Burns, Sacramento, CA, for appellants.

C. Laine Lucas, Ferns & Ferns, Concord, CA, for appellee.

Before: CANBY, and BRUNETTI, Circuit Judges, and JONES *, District Judge.

BRUNETTI, Circuit Judge:

Chapter 7 debtors Massoud and Susan Vasseli ("Vasselis") appeal the Bankruptcy Appellate Panel's ("BAP") reversal of the bankruptcy court's award of attorney's fees to the Vasselis pursuant to 11 U.S.C. § 523(d) (1988).

■ We have jurisdiction pursuant to 28 U.S.C. § 158(d) (1988). We review the decisions of the BAP de novo. *In re Dewalt,* 961 F.2d 848, 850 (9th Cir.1992); *In re Two "S" Corp.,* 875 F.2d 240, 242 (9th Cir.1989). Therefore, we review the bankruptcy court's award under the same standard used by the BAP. The bankruptcy court's award of reasonable attorney's fees must be upheld unless it abused its discretion or erroneously applied the law. *Southwestern Media, Inc. v. Rau,* 708 F.2d 419, 422 (9th Cir.1983).

On appeal, the Vasselis claim the BAP erred in holding that the bankruptcy court did not have the authority to award them attorney's fees incurred in an appeal to the district court. We reject the Vasseli's argument and affirm the BAP's order.

The Vasselis are debtors in a chapter 7 bankruptcy proceeding. Wells Fargo Bank, N.A. ("Wells Fargo") is a creditor which filed a complaint in the bankruptcy court to determine whether the debt incurred by the Vasselis' use of a Wells Fargo credit card was dischargeable. Wells Fargo requested a money judgment pursuant to 11 U.S.C. § 523(a) (1988). The Vasselis filed a motion for summary judgment which was granted by the bankruptcy court. The bankruptcy court also awarded $1,000 in attorney's fees to the Vasselis pursuant to § 523(d) as part of the judgment.

---

* Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

Wells Fargo appealed the award of attorney's fees and the grant of summary judgment to the district court. The district court properly dismissed the appeal for lack of jurisdiction, because the notice of appeal was untimely filed pursuant to Bankruptcy Rule 8002(a).[1]

The Vasselis returned to the bankruptcy court and asked for additional attorney's fees in the amount of $3,719.25 for the cost of the appeal to the district court. The Vasselis based their motion on 11 U.S.C. § 523(d), which empowers the bankruptcy court to award the debtor attorney's fees when a creditor is unsuccessful in challenging a determination that a debt was dischargeable. The Vasselis had made no motion for attorney's fees on appeal to the district court.

Wells Fargo filed an opposition to the Vasselis' motion for additional attorney's fees. However, the bankruptcy court refused to allow Wells Fargo to argue its opposition to the additional attorney's fees because the opposition was unsigned and untimely filed in violation of U.S. Bankruptcy Court (E.D.) Local Rule 3 and Bankruptcy Rule 9011. The bankruptcy court granted a default judgment in favor of the Vasselis and awarded the Vasselis additional attorney's fees in the amount of $4,354.25 for the cost of the appeal to the district court and for the costs of the motion for attorney's fees via the default judgment.

Wells Fargo appealed the bankruptcy court's award of these attorney's fees to the BAP. The BAP, relying on Federal Rule of Appellate Procedure 38 ("Rule 38"), reversed the bankruptcy court's award of attorney's fees for the cost of the appeal to the district court. Rule 38 states that,

> If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

Fed.R.App.P. 38. The BAP held that Rule 38 empowers only appellate courts, not bankruptcy courts to award damages, attorney's fees, and other expenses incurred by an appellee in response to a frivolous appeal. The BAP used Rule 38 to demonstrate that although an appellate court has the authority to award fees for appellate representation, it does not have authority to delegate this power to a bankruptcy court. We agree.

■ The Vasselis contend that the bankruptcy court had the authority to award attorney's fees for the cost of their appeal to the district court under the Bankruptcy Code § 523(d). Section 523(d) states,

> [i]f a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d) (1988). The Vasselis argue that while section 523(d) does not specifically give the bankruptcy court the authority to award attorney's fees for the costs of an appeal, such authority can be implied. We hold that while § 523(d) does authorize attorney's fees for the debtor, it does not grant the bankruptcy court authority to award attorney's fees to the debtor for appellate representation, and refuse to read the authority to award fees incurred on appeal into § 523(d).

The appellate court, not the bankruptcy court, has the authority under Rule 38 to award damages for a frivolous appeal. *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C.Cir.1985); *see also, Malhiot v. Southern Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir.1984), *cert. denied sub nom., Jampol v. Southern Cal. Retail Clerks Union*, 469 U.S. 1189, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 699 F.2d 484, 485 (9th Cir.1983), *cert. denied*, 465 U.S. 1080, 104 S.Ct. 1445, 79 L.Ed.2d 765 (1984).

---

1. Bankruptcy Rule 8002(a) allows only 10 days to file the notice of appeal from the bankruptcy court to the district court.

Under Rule 38 any fee request for attorney's fees incurred by a prevailing party must be made to the appellate court. Section 523(d) does not give a bankruptcy court the power to award attorney's fees incurred on appeal. In this case, the Vasselis should have applied to the district court, not the bankruptcy court, for costs incurred on their appeal pursuant to Rule 38.

**AFFIRMED.**