29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert A. NELSON, Debtor.
Mercedes WILLIAMS, Plaintiff-Appellant,
v.
Robert A. NELSON, Defendant-Appellee.
 No. 93-15874.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Creditor Mercedes Williams appeals pro se the district court's affirmance of the bankruptcy court's judgment in favor of Chapter 7 debtor Robert A. Nelson in Williams' adversary proceeding. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 * Sufficiency of Appellant's Brief
 
 
 4
 Nelson contends that Williams' appellate brief does not comply with Fed.R.App.P. 28 and 9th Cir.R. 28[1] because it allegedly is unintellible and does not contain citations to evidence and that these deficiencies are "sufficient grounds for this court to affirm the judgment below." We disagree.
 
 
 5
 Federal appellate rules require that the appellant's brief contain a statement of the issues presented, see Fed.R.App.P. 28(a)(3), and an argument containing "the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on," see Fed.R.App.P. 28(a)(5). Although generally an appellant's brief must comply with federal appellate rules, our circuit rules provide that a pro se appellant may file a form brief provided by the court. 9th Cir.R. 28-1(a), (b). Moreover, pro se appellate briefs must be liberally construed "to ensure that pro se litigants do not lose their right to a hearing on the merits ... due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
 
 
 6
 Here, Williams submitted an informal appellate brief on a form provided by the court. See 9th Cir.R. 28-1(b). Construing Williams' brief liberally, it is clear that she is appealing the district court's affirmance of the bankruptcy court's decision. See Balistreri, 901 F.2d at 699. Williams' brief identifies and challenges the bankruptcy court's judgment on three grounds: (1) the court improperly excluded certain evidence and precluded the testimony of certain witnesses, (2) the bankruptcy judge was biased against Williams, and (3) based on the evidence presented, Nelson committed fraud and thus, was not entitled to a discharge from his debts or a discharge of Williams' debt.[2] Thus, we reject Nelson's contention that Williams' brief is "unintelligible." See id.
 
 II
 Bankruptcy Court's Decision
 A. Evidence and Witnesses
 
 7
 Williams contends that the bankruptcy court erred by precluding the admission of evidence and the testimony of certain witnesses. We review for abuse of discretion a trial court's exclusion of evidence or witnesses for noncompliance with a pretrial order. Campbell Indus. v. M/V Gemini, 619 F.2d 24, 28 (9th Cir.1980).
 
 
 8
 Fed.R.Civ.P. 16 applies to adversary bankruptcy proceedings. Bankr.R. 7016. Rule 16(e) provides that a pretrial "order shall control the subsequent course of the action unless modified by a subsequent order." Although it is within a trial court's discretion to amend pretrial orders to allow additional witnesses or evidence, a court generally only does so "when no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." Campbell Indus., 619 F.2d at 27-28 (quotations and citations omitted).
 
 
 9
 Here, the bankruptcy court issued a scheduling order which stated that seven days before trial, each party would provide the other with copies of documents they planned to introduce into evidence and a witness list. After providing Nelson with such information, however, Williams nevertheless attempted to offer into evidence additional documents and new witnesses. In response to Nelson's objection, the bankruptcy court refused to allow Williams to enter the evidence or call the witnesses.
 
 
 10
 Although Williams claimed to have found the items in a box the evening before trial, she was aware of the pretrial order and could have made efforts to discover such evidence and witnesses earlier. Moreover, Williams herself conceded that many of the items were not necessary to her case.[3] Because Williams gave no particular reason why such evidence or testimony was necessary or how she would be prejudiced by its exclusion, the bankruptcy court did not abuse its discretion by refusing to allow Williams' evidence or witnesses. See id. at 28.
 
 B. Bias
 
 11
 Williams contends that Bankruptcy Judge Jellen was biased against her as a pro se litigant and should have recused himself from the adversary proceeding. Williams' pretrial motion to disqualify the judge was denied. We review the denial of a motion to disqualify a judge for abuse of discretion. Evenstad v. United States, 978 F.2d 1154, 1158 (9th Cir.1992).
 
 
 12
 A judge is required to disqualify himself if his impartiality might reasonably be questioned, see 28 U.S.C. Sec. 455(a), or if he has a personal bias or prejudice against a party, see id. Sec. 455(b)(1). Judicial remarks made during the course of a proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994).
 
 
 13
 After reviewing the record, we agree with the district court that there is no indication that Judge Jellen was biased against Williams either before or during trial. Instead, it appears that Judge Jellen was extremely patient with Williams, and at trial, repeatedly attempted to explain court procedure to her. Moreover, Williams has not shown an extrajudicial source for the Judge's alleged bias or any deep-seated antagonism towards her. See id. Thus, we see no grounds for Judge Jellen's recusal. See 28 U.S.C. Sec. 455(a), (b)(1).
 
 C. Fraud
 
 14
 Williams contends that during her trial, she presented sufficient evidence to show that Nelson committed fraud with respect to an unsecured promissory note. As a result, she contends that the bankruptcy court erred by concluding that Nelson was entitled to a discharge from his debts under 11 U.S.C. Sec. 727(a)(2), (3), and (5), and that Nelson's debt to Williams was dischargeable under 11 U.S.C. Sec. 523(a)(2).
 
 
 15
 Because we are in as good a position as the district court to review the findings of the bankruptcy court, this court reviews independently the bankruptcy court's decision. Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir.1986). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh), 973 F.2d 1454, 1456 (9th Cir.1992) (per curiam).
 
 
 16
 i. Section 727(a)
 
 
 17
 Section 727(a) provides that a debtor generally is entitled to a discharge from his debts. A debtor will not receive a discharge, however, if he (1) transfers or destroys certain property with the actual intent to hinder, delay or defraud a creditor, see 11 U.S.C. Sec. 727(a)(2); (2) conceals or destroys any recorded information from which his financial condition might be ascertained, see id. Sec. 727(a)(3); or (3) fails to explain satisfactorily any loss or deficiency of assets to meet his liabilities, see id. Sec. 727(a)(5).
 
 
 18
 The bankruptcy court found that Williams failed to present any evidence entitling her to relief under section 727(a). Our review of the record indicates that Williams did not present sufficient evidence or testimony showing that Nelson destroyed property with the intent to defraud, concealed his finances, or inadequately explained any deficiency of assets. See 11 U.S.C. Sec. 727(a). Thus, the bankruptcy court's findings were not clearly erroneous, and Nelson was entitled to a discharge from his debts. See id.; In re Kirsh, 973 F.2d at 1456.
 
 
 19
 ii. Section 523(a)(2)
 
 
 20
 Under section 523(a)(2), there are two circumstances in which a debt is nondischargeable. First, a debt for money or property is not dischargeable if it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition."[4] 11 U.S.C. Sec. 523(a)(2)(A). Second, section 523(a)(2)(B) prohibits a discharge where a money or property debt was obtained specifically through the use of a false written statement of financial condition. Siriani v. Northwestern Nat'l Ins. Co. (In re Siriani), 967 F.2d 302, 304 (9th Cir.1992). A creditor must prove that a debt is nondischargeable by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); Melton v. Moore, 964 F.2d 880, 882 (9th Cir.1992).
 
 
 21
 The bankruptcy court found that Williams did not present evidence of a written misrepresentation of financial condition as required for relief under section 523(a)(2)(B). Our review of the record indicates that although Williams testified that Nelson misrepresented his financial condition, she did not offer into evidence the necessary written financial statement. See In re Siriani, 967 F.2d at 304.
 
 
 22
 With respect to Williams' claim under section 523(a)(2)(A), the bankruptcy court found incredible Williams' testimony that contrary to the written terms of the loan agreement, Nelson represented that he would repay the debt within two days and that the loan was secured. The bankruptcy court also found that Williams failed to prove that Nelson made any misrepresentations or concealed an intent to defraud her.
 
 
 23
 The record supports the bankruptcy court's findings. First, contrary to Williams' testimony, neither the original promissory note nor a subsequent note consolidating Nelson's debt indicated they were secured. Second, the original note stated that payment was due in sixty, not two, days. Finally, Nelson's uncontroverted testimony was that at the time of the loan, he fully intended to repay Williams and that he was prevented from so doing by subsequent business reversals.
 
 
 24
 Because Williams did not show by a preponderance of the evidence that Nelson made a misrepresentation or that he intended to deceive her at the time of the loan, she was not entitled to relief under section 523(a)(2)(A). See Grogan, 489 U.S. at 291; In re Kirsh, 973 F.2d at 1457. Thus, the bankruptcy court's judgment in favor of Nelson was not in error.
 
 III
 Attorney's Fees
 
 25
 In his appellee's brief, Nelson reserved the right to request attorney's fees on appeal under 11 U.S.C. Sec. 523(d) and 9th Cir.R. 39.[5] Although section 523(d) provides the bankruptcy court with the ability to "authorize attorney's fees for the debtor, it does not grant the bankruptcy court the authority to award attorney's fees to the debtor for appellate representation." Vasseli v. Wells Fargo Bank, Nat'l Assoc. (In re Vasseli)., 5 F.3d 351, 353 (9th Cir.1993). Thus, Nelson is not entitled to an award of attorney's fees incurred on appeal under section 523(d). See id.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 9th Cir.R. 28-2.8 provides, "Every assertion in briefs regarding matters in the record shall be supported by a reference to the page or document number of the original record where the matter relied on is to be found."
 
 
 [2]
 To the extent Williams included additional issues in her list of issues raised on appeal, such issues are deemed abandoned because Williams failed to make any argument concerning these issues in her appellate brief. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1993)
 
 
 [3]
 For example, after the bankruptcy court refused to admit certain uncashed checks which Nelson allegedly had written, Williams stated, "Well, Your Honor, I wasn't depending on these checks anyway 'cause I didn't even know I had them."
 
 
 [4]
 To preclude a debtor's discharge under section 523(a)(2)(A), a creditor must prove that (1) the debtor made the representation, (2) the debtor knew the representation was false at the time made, (3) the debtor made the representation with the intention and purpose of deceiving the creditor, (4) the creditor relied on the representation, and (5) the creditor sustained damages as a proximate result. In re Kirsh, 973 F.2d at 1457
 
 
 [5]
 9th Cir.R. 39-1.6 provides, "A party who intends to request attorneys fees on appeal shall include in its opening brief a short statement of the authority pursuant to which the request will be made."