53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Mir Kazem KASHANI; Habibeh S. Kashani, Debtors,
Zarrin MOSHIRI; Mir Kazem Kashani; Habibeh S. Kashani, Appellants,
v.
IMPERIAL BANK; U.S. Trustee; Resolution Trust Corporation;
Radmilla A. Fulton, Appellees.
 No. 93-56039.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1994.*
Decided March 20, 1995.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Debtors Mir Kazem and Habibeh Kashani and unsecured creditor Zarrin Moshiri appeal pro se to challenge the bankruptcy court's approval of the settlement reached by the bankruptcy trustee and the Resolution Trust Corporation ("RTC") as receiver for County Bank. We have jurisdiction pursuant to 28 U.S.C. Sec. 158. We review the decision of the BAP de novo, In re Vasseli, 5 F.3d 351, 352 (9th Cir. 1993); In re Jensen, 995 F.2d 925, 927 (9th Cir. 1993); In re Dewalt, 961 F.2d 848, 850 (9th Cir. 1992), and we affirm on the basis that the bankruptcy court did not abuse its discretion in approving the settlement.
 
 I.
 
 3
 The Kashanis owned a large house with a panoramic ocean view in La Jolla, California, which they transferred to Simakaze, Inc. ("Simakaze"), a California corporation wholly owned by the Kashanis. The Kashanis were the 100% owners of another corporation, Ramada of Simi Valley ("Ramada"), which was formed to build a hotel. The Kashanis used some of their personal assets and a mortgage on the La Jolla residence to purchase land from Helen Tarpley and to secure loans from County Bank and various smaller creditors to finance the construction of the hotel. The Kashanis defaulted on their obligations to County Bank, and County Bank initiated foreclosure proceedings. The Kashanis sued County Bank for various lender liability claims. Mrs. Tarpley claimed a $1 million priority lien ahead of County Bank's construction deed of trust.
 
 
 4
 Ramada, Simakaze and the Kashanis each filed for Chapter 11 reorganization. The Ramada and Simakaze bankruptcies were heard in the U.S. Bankruptcy Court for the Southern District of California before Judge Meyers. The Kashani bankruptcy was heard in the same court before Judge Hargrove.[1] In June 1991, Mission Viejo National Bank ("Mission Viejo") loaned the Ramada estate $1.2 million, secured by a second deed of trust on the La Jolla residence.
 
 
 5
 In November 1991, the RTC and the Kashani trustee reached a settlement[2] in which the RTC, in satisfaction of its deficiency claim against Ramada and the Kashanis as general partners in Ramada, was allowed an unsecured claim of $5,000,000 in both the Simakaze and Ramada estates and a guaranteed distribution of 75% of the equity in both estates, so long as its total cash distribution in connection with the unsecured claims did not exceed $2,000,000. The RTC agreed to lend $250,000 to the Simakaze estate to prevent foreclosure by Mission Viejo and preserve the La Jolla residence, which the trustee agreed to divide into three parcels and sell. The trustee agreed to release all lender liability claims against County Bank by the Ramada and Kashani estates.
 
 II.
 
 6
 The Kashanis and Ms. Moshiri failed to seek a stay pending appeal. Both RTC and the trustee have taken steps in reliance on the settlement. Ordinarily, appellants' failure to seek a stay would render their appeal moot. In re Roberts Farms, Inc., 652 F.2d 793, 796 (9th Cir. 1981); In re Baker & Drake, Inc., 35 F.3d 1348, 1351 (9th Cir. 1994). Appellees, however, had notice of the appeal. Moreover, there are certain unusual features of the settlement which have not yet been implemented and which warrant examination, namely, the granting of a guaranteed 75% distribution of the assets of two estates to the creditor of one estate. Thus, in the interests of equity, we will not dismiss the appeal on mootness grounds. Id.; In re Spirtos, 992 F.2d 1004, 1007 (9th Cir. 1993); St. Angelo v. Victoria Farms, Inc., 38 F.3d 1525, 1533 (9th Cir. 1994).
 
 III.
 
 7
 Bankruptcy Rule 9019(a) empowers the bankruptcy court to approve a settlement on motion by the trustee after notice and a hearing is provided to all creditors. Appellants claim that the bankruptcy court abused its discretion by approving a settlement which affected the rights of the creditors of the Simakaze estate. In the instant appeal, however, the creditors are the same in each action, with the exception of Ms. Moshiri, who is a creditor of the Kashani estate and had a vote in this proceeding. The court provided actual notice to the creditors of the Simakaze estate, who had an opportunity to object and chose not to do so. Since the majority of creditors in each action approved the settlement affecting both of these closely related actions, the bankruptcy court had jurisdiction to approve the settlement.
 
 IV.
 
 8
 A bankruptcy court has wide latitude in approving compromise agreements which it determines to be fair, reasonable and adequate. In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988); In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir.), cert. denied 479 U.S. 854 (1986). See also Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968). We review the bankruptcy court's conclusions of law de novo and its finding of facts under the clearly erroneous standard. In re Unicom Computer Corp., 13 F.3d 321, 323 (9th Cir. 1994); Jensen, 995 F.2d at 927; Dewalt, 961 F.2d at 850.
 
 
 9
 Based on the evidence, Judge Hargrove reasonably concluded that emergency action was needed to preserve the house from foreclosure by Mission Viejo, and that the proposed settlement offered the only feasible means to do so. He also made a reasonable assessment as to the dubious success of the estate's lender liability claims, since he was presented with no analysis of the success of those claims, and since he had reason to doubt that there was counsel willing to pursue those claims on a contingency basis. Judge Hargrove noted that the settlement would provide the unsecured creditors of Ramada and the Kashanis a certain 25% recovery, whereas the Ramada unsecureds otherwise would have to depend on a dubious recovery from lender liability claims. Judge Hargrove had reason to believe that the Kashani children could not buy the La Jolla residence and offered nothing more than a paper refinancing of the current debt. He also noted that the Tarpley litigation was a major factor in Ramada which the settlement resolved. Judge Hargrove acted well within his discretion in approving the settlement.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Simakaze bankruptcy was consolidated with the Kashani bankruptcy in 1993
 
 
 [2]
 The RTC entered into a separate settlement with Mrs. Tarpley conditioned upon the approval of the RTC/trustee settlement