## In re ALLEN–MAIN ASSOCIATES, LIMITED PARTNERSHIP, Debtor.

### Bankruptcy No. 97–25098.

United States Bankruptcy Court, D. Connecticut.

Jan. 29, 1999.

---

**578**

Schuyler G. Carroll, Bachenroth & Grossman, LLP, New York City, for CC Britain Equities, L.L.C.

Howard L. Siegel, Brown, Rudnick, Freed & Gesmer, Hartford, CT, for Allen–Main Associates Limited Partnership.

### PARTIAL RULING ON MOTION FOR SUPPLEMENTAL JUDGMENT AGAINST PETITIONING CREDITOR FOR COSTS AND REASONABLE ATTORNEY'S FEES

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

Allen–Main Associates Limited Partnership ("Allen–Main") has moved for a supplemental judgment against CC Britain Equities, L.L.C. ("CC Britain") for additional costs and a reasonable attorney's fee in a case where the court has dismissed an involuntary Chapter 7 petition brought by CC Britain against Allen–Main. Allen–Main seeks a supplemental judgment for $35,-460.24 which it claims represents, in part, costs and attorney's fees it incurred in defending before the Bankruptcy Appellate Panel for the Second Circuit ("the BAP") two appeals taken by CC Britain. Both appeals arose from judgments of the bankruptcy court (1) dismissing the involuntary petition and (2) granting Allen–Main costs and attorney's fees of $13,320.56 pursuant to Bankruptcy Code § 303(i)(1) ("If the court dismisses a petition ... the court may grant judgment—(1) against the petitioner and in favor of the debtor for (A) costs; and (B) a reasonable attorney's fee.") The BAP, in a ruling at 223 B.R. 59 (2d Cir. BAP 1998), affirmed the first judgment, and on October 1, 1998 dismissed the appeal of the second judgment for failure of CC Britain to file its principal brief and appendix. The balance of the fees and costs requested by Allen–Main relate to its efforts to satisfy the $13,320.56 judgment.

#### II.

Solely at issue in this ruling is the authority *vel non* of the bankruptcy court to award attorney's fees and costs incurred in an appeal from the bankruptcy court. Allen–Main asserts such authority is implicit in the provisions of § 303(i)(1). CC Britain denies this court possesses such authority.

#### III.

The court concludes that Allen–Main's motion as to the stated issue must be denied on the basis that a bankruptcy court does not have statutory authority to award attorney's fees and costs incurred in an appeal from the bankruptcy court. No such authority can reasonably be extracted from the provisions of § 303(i), and Allen–Main cites no other persuasive authority.

On the other hand, there are relevant rulings in both the Ninth Circuit and the Second Circuit that Bankruptcy Code § 523(d)[1],

---

1. Section 523(d) provides:
   If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if

which grants bankruptcy courts authority to award prevailing parties attorney's fees and costs, does not authorize the bankruptcy court to award such fees and costs incurred on an appeal. *See Vasseli v. Wells Fargo Bank (In re Vasseli)* 5 F.3d 351, 353 (9th Cir.1993) ("We hold that while § 523(d) does authorize attorney's fees for the debtor, it does not grant the bankruptcy court authority to award attorney's fees to the debtor for appellate representation, and refuse to read the authority to award fees incurred on appeal into § 523(d). The appellate court, not the bankruptcy court, has the authority under Rule 38[2] to award damages for a frivolous appeal"); *AT&T Universal Card Services Corp. v. Williams (In re Williams)* 224 B.R. 523, 532 (2d Cir. BAP 1998) ("Code § 523(d) alone does not authorize the Bankruptcy Court to award attorney's fees for appellate representation". Bankruptcy Rule 8020[3] authorizes the bankruptcy appellate panel to award just damages and single or double costs to the appellee for a "frivolous" appeal.); *Cf. also In re American President Lines, Inc.* 779 F.2d 714, 717 (D.C.Cir.1985) (when petitioning creditor appealed bankruptcy court's dismissal of involuntary petition against debtor to district court, and thereafter appealed to the court of appeals district court's dismissal of appeal, district court has no authority to order petitioning creditor to post bond against possibility that appeal might turn out to be frivolous since "it is. . . . for the court of appeals, not the district court to decide whether Rule 38 costs and damages should be allowed in any given case.").

The court can conceive of no reasonable basis to distinguish the rulings under § 523(d) from a ruling under § 303(i). Allen–Main, in its brief, cites two bankruptcy court rulings[4] where appeal-related costs and attorney's fees were considered by the bankruptcy court under § 303(i). However, there was no issue raised as to the bankruptcy court's authority in those proceedings and the precedential value, accordingly, is lacking.

### IV.

For the reasons stated, that portion of Allen–Main's motion which refers to appeal-related costs and attorney's fees is denied. The clerk of the court will reschedule Allen Main's motion in order to consider the remaining matters raised by the motion.

It is SO ORDERED.

---

special circumstances would make the award unjust.
11 U.S.C.A. § 523(d).

**2.** Rule 38 states, "If a court of appeals determines that an appeal is frivolous, it may … award just damages and single or double costs to the appellee." Fed.R.App.P. 38.

**3.** Rule 8020 states:
If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
Fed.R.Bankr.P. 8020.

**4.** *In re Atlas Machine and Iron Works, Inc.*, 190 B.R. 796, 802 (Bankr.E.D.Va.1995); *In re Petrosciences International, Inc.*, 96 B.R. 661, 665 (Bankr.N.D.Tex.1988).