**In re LAW CENTER, Debtor.**

**In re Jayne Shinko–William Miele Rentals d/b/a Shinko–Miele Housing, Miele Housing, Debtor.**

Nos. 5–00–02480, 5–00–02481.

United States Bankruptcy Court, M.D. Pennsylvania.

April 3, 2003.

Joseph Murray, Esq., for Jayne Shinko.

Brice Paul, Esq., for William Miele.

## *OPINION*[1]

JOHN J. THOMAS, Chief Judge.

In response to Involuntary Petitions filed under Chapter Seven of the United States Bankruptcy Code by Attorney Jayne Shinko, (hereinafter "Shinko"), the above-captioned Debtors, (hereinafter collectively "Miele"), filed a Motion to Dismiss the Involuntary Petitions and to Impose Sanctions against Shinko.[2] I issued an Opinion and Order (Doc. # 21 and # 22, respectively) on March 16, 2001, dismissing the Involuntary Petitions and granting Miele's Motion for Sanctions. I awarded reasonable costs, expenses and attorney's fees in favor of Miele under both Rule 9011 and 11 U.S.C. § 303(i). In that regard, I directed Miele to file an itemization of costs and fees with the Court and gave Shinko time to respond thereto. Additionally, I assessed Shinko the sum of $1,000.00 as punitive damages under both Rule 9011 and Section 303(i).[3] Shinko filed a timely Appeal of the March 16, 2001 Order which was affirmed by the District Court on July 6, 2001. While the District Court affirmed my imposition of costs and punitive damages, it also dismissed that portion of the underlying Order relating to the imposition of sanctions against Shinko in the form of Miele's attorney's fees as premature because it was not final at the time of the Appeal. The District Court, however, awarded costs of the Appeal to Miele exclusive of attorney's fees in accordance with Federal Rule of Bankruptcy Procedure 8014.

Shinko appealed the District Court decision to the United States Court of Appeals for the Third Circuit which, by Judgment dated March 19, 2002, affirmed the decision of the District Court in accordance with an Opinion of the same date. The Circuit Court found the Bankruptcy Court was "justified in dismissing the petition under this Circuit's case law permitting dismissal when petitions are filed in bad faith …." Further, "the Bankruptcy Court properly exercised its discretion to impose reasonable attorney's fees and costs under 11 U.S.C. § 303(i)(1) and punitive damages under 11 U.S.C. § 303(i)(2)." (See Judgment and Opinion of the Circuit Court attached as Exhibit D to Defendant's Motion for Award of Attorney's Fees, Costs and Punitive Damages Pursu-

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

2. While reference in the body of this Opinion is made to documents filed in Bankruptcy Case No. 5–00–02480, note that the substantive matters addressed herein also apply to parallel litigation in Bankruptcy Case No. 5–00–02481.

3. For a more detailed discussion of the procedural and substantive aspects of the original Motion for Sanctions and dismissal, attention should be directed to the underlying Opinion of this Court's Order of March 16, 2001. (See Doc. # 21.)

ant to Order of March 16, 2001 (Doc. # 38).)

Miele's Motion for Award of Attorney's Fees, Costs and Punitive Damages filed to Document No. 38 supplements its earlier itemizations of fees and costs (Document No. 25 filed April 2, 2001) and requests fees and costs from March 30, 2001 through and including July 12, 2002, which is for the time involved in defending the appeals of this Court's March 16, 2001 Order.

I scheduled a hearing on the initial itemization of costs and fees by Miele (Doc. # 25) and the request for attorney's fees, costs and punitive damages pursuant to the Order of March 16, 2001 (Doc. # 38) and entered two Orders on December 4, 2002. The first Order, Document No. 46, awarded William J. Miele attorney's fees and costs of $2,641.71 together with punitive damages of $1,000.00 payable by Jayne Shinko within ten (10) days of that Order. The second Order, Document No. 47, which addressed Miele's Motion for award of appellate fees and costs, was taken under advisement. This Opinion and Order addresses Miele's request for appellate fees and costs.

■ Central to Miele's arguments is that Congress authorized Bankruptcy Courts under 11 U.S.C. § 303(i)(2) to award attorney's fees and costs required to defend against involuntary petitions including appellate legal fees and expenses. Miele argues this subsection protects the debtor by making a creditor liable for "any damages proximately caused by such filing" and that, in this case, all of the litigation, including that in the appellate courts, stems directly from the filing of these involuntary bankruptcy petitions. Moreover, all legal fees and expenses, including those at the appellate level, can be viewed as out-of-pocket damages proximately resulting from the bad faith filing. In support of this position, Miele relies primarily on the cases of *In re Advance Press & Litho, Inc.,* 46 B.R. 700 (Bankr.D.Colo. 1984) and *In re Atlas Machine and Iron Works, Inc.,* 190 B.R. 796 (Bankr.E.D.Va. 1995).

Shinko's response refers to the procedural rules for both the District Court and the Court of Appeals which provide specific vehicles for the recovery of attorney's fees in those courts and these rules may not be bypassed by an overly broad reading of Section 303(i)(2). In short, the proper forum in which to request monetary relief because of a frivolous appeal was not by way of a request for fees in the form of damages in the bankruptcy court but, rather, by motion in the appellate courts under the applicable appellate rules.

■ Any award under 11 U.S.C. § 303(i) is discretionary. See 2 Lawrence P. King Collier on Bankruptcy, ¶ 303.15[3] at 303–96 n. 22 (15th ed. rev.2002) (citations omitted). I further recognize there are several bankruptcy court decisions which have authorized, under Section 303(i), appellate-related costs and attorney's fees. See *In re Atlas Machine and Iron Works, Inc.,* 190 B.R. 796 (Bankr. E.D.Va.1995) and *In re Advance Press & Litho, Inc.,* 46 B.R. 700, 703 (Bankr. D.Colo.1984). These cases permitted reimbursement for time expended in defending appeals of the dismissal of the original petition. In the case of *In re Petrosciences International, Inc.,* 96 B.R. 661 (Bankr.N.D.Tex.1988), the court even awarded additional damages for attorney's fees prospectively should the underlying bankruptcy court decision have been appealed to not only the United States District Court but also the Fifth Circuit Court of Appeals.

While arguably these three cases do support Miele's position, they have found

little support in subsequent case law and, as one court has observed, there was no issue raised as to the bankruptcy court's authority in those proceedings to issue appeal-related costs and attorney's fees under Section 303(i).[4] I will not embrace those cases cited by Miele in support of his position for the following reasons.

I see the better view for resolution of this matter as that adopted by the court in *In re Allen–Main Associates, Ltd.*, 229 B.R. 577, 578 (Bankr.D.Conn.1999). The issue addressed by the *Allen–Main* court was the "... authority *vel non* of the bankruptcy court to award attorney's fees and costs incurred in appeal from the bankruptcy court." *Id.* at 578. The court determined the motion had to be denied because the bankruptcy court did not have the statutory authority to award attorney's fees and costs incurred in appeal from the bankruptcy court and that no authority could be implied from the terms of Section 303(i). The court relied primarily on the case of *Vasseli v. Wells Fargo Bank (In re Vasseli)*, 5 F.3d 351 (9th Cir.1993), which held that Section 523(d) of the Code did not authorize attorney's fees nor did it grant the bankruptcy court authority to award such fees to the debtor for appellate representation incurred on an appeal of a Section 523(d) matter. *Vasseli* found that the proper forum and method by which to request appellate fees was by motion in the appellate court under the direction of Federal Rule of Appellate Procedure 38. In addition, Federal Rule of Bankruptcy Procedure 8020 provides:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Miele did not request attorney's fees at either appellate level under the applicable rules. Like the *Allen–Main* court, I can conceive of no reason to distinguish the *Vasseli* ruling under Section 523(d) from the current situation. See also *Glatzer v. Montmartco, Inc.*, 790 F.2d 285 (2nd Cir. 1986)(The court declined to find authority of a bankruptcy court to sanction a party to a bankruptcy proceeding for filing a frivolous bad faith appeal of the bankruptcy court's own ruling); *State of California Employment Development Department v. Taxel (In re Del Mission Limited)*, 98 F.3d 1147 (9th Cir.1996)(Bankruptcy court may not award fees and costs incurred in prior appellate proceedings as a contempt sanction under 11 U.S.C. § 105(a)); *In re Westin Capital Markets, Inc.*, 184 B.R. 109 (Bankr.D.Or.1995).

Finally, I find that by adopting the approach of *In re Vasseli* and *Allen–Main*, the alleged debtor, subject to an involuntary petition under 11 U.S.C. § 303, is still protected from the serious negative consequences that may be entailed in defending an involuntary bankruptcy petition, whether or not filed in bad faith. Section 303 provides both protection to the alleged debtor and authority to the court to protect against such filings by awarding attorney's fees and costs in situations where a successful defense to an involuntary petition is advanced by the alleged debtor. The remedies are not exclusive in that the court need not make a finding of bad faith in order to award attorney's fees and costs. Furthermore, the Federal Rules of Bankruptcy Procedure, specifically Rule 8020, and the Federal Rules of Appellate Procedure at Rule 38, provide protection for the alleged debtor at the appellate

---

**4.** *In re Allen–Main Associates, Ltd.*, 229 B.R. 577 (Bankr.D.Conn.1999).

level. I decline to read an authorization to impose fees and costs for services in the appellate arena into Section 303(i) and thereby overriding the application of both Rule 8020 and Rule 38.

Based upon the foregoing, I deny Miele's request for fees and costs incurred in this matter at the appellate levels.

An Order will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** the request of William J. Miele for fees and costs incurred at the appellate levels in defending the underlying involuntary bankruptcy petitions is denied.

---

1. Drafted with the assistance of Wendy E. Morris, Law Clerk.