**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-13-1518-JuHlPa |
| BOBBY JOE WALLACE and BRIDGET JANINE WALLACE, | Bk. No. NV-10-24125-LBR |
| Debtors. | |
| BOBBY JOE WALLACE; BRIDGET JANINE WALLACE, | |
| Appellants, | |
| v. | M E M O R A N D U M[*] |
| ABEL ROSALES; ROBERT PIKE; GARY AARDEMA; AARDEMA & LONDON, | |
| Appellees. | |

Argued and Submitted on September 18, 2014
at Las Vegas, Nevada

Filed - October 28, 2014

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Linda B. Riegle, Bankruptcy Judge, Presiding

Appearances:    Christopher Burke, Esq. for appellants Bobby Joe Wallace and Bridget Janine Wallace; David Mincin, Esq. for appellees Abel Rosales, Robert Pike, Gary Aardema, and Aardema & London.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Before: JURY, HOULE,[1] and PAPPAS, Bankruptcy Judges.

Chapter 7[2] debtors Bobby and Bridget Wallace appeal from the bankruptcy court's order denying (1) their motion to reopen their bankruptcy case and (2) their request for attorney's fees and costs incurred in defending the appeal of the bankruptcy court's contempt order issued against appellees Abel Rosales, Robert Pike, Gary Aardema, and Aardema & London (collectively, Rosales). Because the bankruptcy court was precluded from awarding the appellate attorney's fees requested, we AFFIRM.

## I. FACTS

This appeal marks the third[3] occasion in which this case has come before this Panel. In the most recent previous proceeding, the bankruptcy court found Rosales in contempt for violating the § 524 discharge injunction and awarded sanctions to debtors consisting of $260 for the reopening fee, $1,400 for attorney's fees and costs, and $3,000 for punitive damages. Rosales appealed that order to this Panel.[4] The Panel affirmed the bankruptcy court's finding of contempt and its award of

---

[1] The Honorable Mark D. Houle, U.S. Bankruptcy Judge for the Central District of California, sitting by designation.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[3] See Rosales v. Wallace (In re Wallace), 490 B.R. 898, 906-07 (9th Cir. BAP 2013) and Rosales v. Wallace (In re Wallace), 2012 WL 2401871 (9th Cir. BAP 2012).

[4] Rosales v. Wallace (In re Wallace), BAP No. NV-11-1681-KiPaD. Because the material facts leading up to the bankruptcy court's contempt order were set forth in that decision we do not repeat them here.

-2-

sanctions based on the reopening fee and attorney's fees and costs, but the Panel vacated and remanded the matter on the award of punitive damages because the bankruptcy court did not make sufficient findings to support the $3,000 award. On remand, following an evidentiary hearing, the bankruptcy court issued its findings of fact and conclusions of law and entered the order upholding the $3,000 punitive damage award. Debtors' bankruptcy case was closed for a second time.

Debtors moved again to reopen their case and requested additional sanctions of $16,714.80 in attorney's fees and costs incurred in defending the contempt order on appeal. Relying on Espinosa v. United Student Aid Funds, Inc. (In re Espinosa), 2011 WL 2358562, at *5 (Bankr. D. Ariz. 2011), debtors argued that Rosales' violation of the discharge injunction continued throughout the appeal and remand as Rosales attempted to reverse the bankruptcy court's decision. Alternatively, relying on Prandini v. Nat'l Tea Co., 585 F.2d 47, 52-53 (3d Cir. 1978), debtors maintained that their attorney should be compensated for the time spent in defending their fee award.[5] Finally, debtors asserted that they had to defend against Rosales' appeal and at

---

[5] The Ninth Circuit has uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable. See Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Devs., Inc. (In re S. Cal. Sunbelt Devs., Inc.), 608 F.3d 456, 463 (9th Cir. 2010). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." Id.

-3-

remand[6] and should be compensated. Attached to the motion to reopen was the declaration of debtors' counsel, Christopher Burke, and his time sheets documenting that he had expended 36.3 hours in defending the appeal, including the remand, evidentiary hearing, status conference, and meeting with clients.

In opposition, Rosales referred obliquely to Rule 8020[7] and Fed. R. App. P. (FRAP) 38,[8] which provide specific vehicles for recovery of attorney's fees for appeals to the appellate court and argued that these rules cannot be bypassed under the holding in Vasseli v. Wells Fargo Bank (In re Vasseli), 5 F.3d 351, 353 (9th Cir. 1993). Rosales also asserted that there was no basis for awarding fees related to the evidentiary hearing on remand when they had made an offer of judgment equal to the $3,000

---

[6] This is the only mention of the fees associated with the evidentiary hearing on remand in debtors' motion. Throughout these proceedings it appears that debtors simply lump the fees associated with the evidentiary hearing with those incurred for defending the appeal.

[7] Rule 8020 provides,

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

[8] FRAP 38 provides,

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to appellee.

punitive sanction.

In reply, debtors argued that the holding and reasoning in Am. Serv. Co. v. Schwartz-Tallard (In re Schwartz-Tallard), 473 B.R. 340, 349 (9th Cir. BAP 2012), aff'd, 751 F.3d 966 (9th Cir. 2014) should apply to this case. There, this Panel affirmed the award of attorney's fees to the debtor for defending a stay violation order on appeal. Debtors further asserted that under Rule 7068 an offer of judgment applies only in an adversary proceeding and thus Rosales' offer of judgment was irrelevant. Debtors maintained that they were entitled to all their fees because the remand was a result of the appeal, and as Espinosa points out, the fees for both "litigation" and appeals are actual damages.

At the hearing, after a short discussion, the bankruptcy court denied debtors' motion for the additional fees on the ground that only the appellate court had the authority to award attorney's fees and costs for an appeal. The bankruptcy court did not discuss the parties' arguments regarding the offer of judgment nor did it address whether it lacked authority to award additional fees and costs related to the evidentiary hearing on remand. The bankruptcy court requested Rosales' counsel to prepare the proposed findings, conclusions, and an order.

On October 7, 2013, the bankruptcy court entered the order which stated simply that debtors' motion for attorney's fees and costs for defending the appeal was denied. The order did not

contain findings or conclusions.[9]  Debtors filed a timely notice of appeal from that order.

## II.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred in finding that it did not have authority to award debtors' attorney's fees and costs incurred in defending the contempt order on appeal and on remand.

## IV.  STANDARD OF REVIEW

The bankruptcy court's denial of an award of attorney's fees is reviewed for an abuse of discretion or an erroneous application of the law.  State of Cal. Emp. Dev. Dep't v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147, 1153 (9th Cir. 1996).

## V.  DISCUSSION

It is well settled that if a bankruptcy court finds that a party has willfully violated the discharge injunction, the court may award actual damages, punitive damages and attorney's fees to the debtor.  Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1205 n.7 (9th Cir. 2008), aff'd 559 U.S. 260 (2010); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1195 (9th Cir. 2003) (actual damages, including attorney's fees, incurred as a result of the noncompliant conduct can be

_____

[9] The hearing was conducted by the Honorable Lloyd King and the order was signed by the Honorable Linda B. Riegle.  Debtors did not move to amend the order.

-6-

recovered as part of a compensatory civil contempt sanctions award).

In Del Mission the Ninth Circuit addressed the issue of whether the bankruptcy court has authority under § 105(a) to award fees to the movant incurred in defending the court's contempt order on appeal. In re Del Mission Ltd., 98 F.3d at 1152-54. There, the bankruptcy court earlier ordered the California Employment Development Department and the State Board of Equalization (collectively, the "State") to repay the chapter 7 bankruptcy estate certain taxes, as the State had violated the automatic stay. The State failed to comply while the underlying bankruptcy order was on appeal. Id. at 1149-50.

The chapter 7 trustee filed a motion requesting the bankruptcy court to hold the State in civil contempt under § 105(a) and to impose sanctions in the form of his attorney's fees and costs for enforcing the automatic stay on appeal. Id. at 1150. The bankruptcy court denied the chapter 7 trustee's request to impose sanctions, determining that it had no legal authority to award fees incurred on prior appeals. This Panel reversed the bankruptcy court, awarding the chapter 7 trustee the fees and costs he incurred in the prior appeals. Id. at 1152-53.

The Ninth Circuit reversed this Panel, holding that § 105(a) did not authorize bankruptcy courts to award previously incurred appellate fees. In doing so, it relied on the prior Ninth Circuit decision in Vasseli which held that bankruptcy courts lacked authority to award appellate attorney's fees under § 523(d). In re Vasseli, 5 F.3d at 352. In that case, the

-7-

Ninth Circuit relied on FRAP 38 in support of its holding. Id. at 353. The court determined that FRAP 38 authorizes only appellate courts, not bankruptcy courts, to award attorney's fees and other expenses incurred by an appellee in response to a frivolous appeal. Id. The Ninth Circuit held that while § 523(d) authorized attorney's fees for the debtor, "it [did] not grant the bankruptcy court authority to award attorney's fees to the debtor for appellate representation. . . ." Id. In addition, the Ninth Circuit determined that appellate courts lacked authority "to delegate this power" to bankruptcy courts. Id.

Applying the holding of Vasseli, the Ninth Circuit in Del Mission concluded that a bankruptcy court's express discretionary authority under § 105(a) to award fees at the trial level did not extend to allow it to award fees at the appellate level. In re Del Mission, Ltd., 98 F.3d at 1153–54. The Ninth Circuit further reasoned that using § 105(a) as a device to award appellate fees would impermissibly overlap with FRAP 38. Id. at 1154. The court noted that its holding was "limited to awards of discretionary appellate fees in bankruptcy proceedings." Id. at 1154 n.7.

Del Mission is controlling authority on the question before us — whether the bankruptcy court has discretionary authority to award appellate fees under § 105(a). This Panel's decision in Schwartz-Tallard, affirmed by the Ninth Circuit, does not compel a different result because that decision dealt with an award of appellate fees under § 362(k)(1) while Del Mission specifically analyzed the bankruptcy court's discretionary authority to award

-8-

appellate fees under § 105(a). Indeed, the bankruptcy court noted at the hearing on this matter that the case law debtors relied upon involved § 362 rather than § 105(a) and that their request was under § 105(a). Contrary to debtors' assertion, there is a distinction between the bankruptcy court's statutory mandate to award attorney's fees under § 362(k)(1) and its discretionary authority under § 105(a). Because § 105(a) directly applies to this matter, we are bound to follow Del Mission's broad holding that bankruptcy courts have discretionary authority to award fees at the trial level under § 105(a) and not on appeal. See Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001) (circuit law "binds all courts within a particular circuit."). The bankruptcy court thus did not err in declining to award debtors' attorney's fees and costs incurred in defending the contempt order on appeal.[10]

Debtors also requested as an additional sanction the fees they incurred in the evidentiary hearing on remand. In their second statement of issue on appeal, debtors argue that an attorney is entitled to fees incurred for defending against Rosales' appeal of an order imposing sanctions for violating the

---

[10] Debtors' attorney suggested at oral argument that this Panel had the authority to award the fees for defending the appeal if the bankruptcy court did not. First, such motion for appellate fees generally must be made by separate motion, something that was not done here. See Rule 8020. Moreover, to the extent it is proper, any such fee request should be made to the Panel that upheld the bankruptcy court's decision to award the reopening fee and attorney's fees, but remanded on the punitive damage award. We express no opinion as to whether debtors would be entitled to such fees in the event they filed a motion before that Panel.

discharge injunction.  Debtors then state they incurred such fees and ask the question "shouldn't the attorney[']s fees incurred defending against the appeal be awarded to the Wallaces?"  Debtors' brief contains arguments relating only to this issue and the fees for defending the appeal.  It does not contain any arguments as to why the bankruptcy court erred by denying the fees related to the evidentiary hearing conducted in the bankruptcy court.[11]  We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."  Miller v. Fairchild Indus., 797 F.2d 727, 738 (9th Cir. 1986); see also Meehan v. Cnty. of L.A., 856 F.2d 102, 105 n.1 (9th Cir. 1988) (issue not briefed by a party is deemed waived).  Because of debtors' waiver, we decline to consider this issue on appeal.

## VI.  CONCLUSION

For the reasons stated, we AFFIRM.

---

[11] In their motion before the bankruptcy court, debtors make a like argument, asserting only that they may recover fees for "defending the appeal."  However, the billing statements which support the requested fees include the time related to the evidentiary hearing on remand.

-10-